IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| RONALD LEE SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:11CV142 |
| | ) | |
| JOSEPH B. HALL, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody, together with an application to proceed *in forma pauperis*. For the following reasons, the Petition cannot be further processed.

1. Filing fee was not received, nor was a sufficient affidavit to proceed *in forma pauperis* submitted and signed by Petitioner. Petitioner did submit an *in forma pauperis* application on which he indicated that he has received some amount of money in the form of gifts or inheritances. However, he did not state how much he has received and, more importantly, did not state either the total amount of deposits into his inmate trust account in the last six months or the current balance of that account.

2. Petitioner has failed to indicate that state court remedies have been exhausted. [28 U.S.C. § 2254(b).] In fact, his Petition appears to affirmatively indicate that he has not presented his claim to the state courts at all. The Petition states that his only attempt at state court relief was a direct appeal. (Docket Entry 2, §§ 9, 10.) At another point, in explanation of why he has not exhausted his state remedies, he faults his appellate attorney for not raising his claim on appeal. (*Id.* § 12(b).) This Court cannot grant Petitioner any relief under § 2254 unless he first exhausts his state court remedies.

Because of these pleading failures, the Petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be filed, but then dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current petition.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

February 28, 2011